FILED

2012 May-21  AM 09:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BRIAN WILLIAM KEITH,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    CIVIL ACTION NO. 11-G-3061-M
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of the Social          )
Security Administration,            )
                                    )
            Defendant.              )

**<u>MEMORANDUM OPINION</u>**

The plaintiff, Brian William Keith, brings this action seeking judicial

review of a final adverse decision of the Commissioner of the Social Security

Administration (the Commissioner) denying his application for Social Security Benefits.

The plaintiff filed an application for Social Security Benefits on September 13, 2007.

Thereafter, plaintiff timely pursued and exhausted the administrative remedies available

before the Commissioner.  Accordingly, this case is now ripe for judicial review pursuant

to the provisions of section  205(g) of the Social Security Act (the Act), 42 U.S.C.

§ 405(g).

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239. The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.[1] Accordingly, the decision of the Commissioner must be affirmed.

---

[1] In his brief, the plaintiff states that Hisham Hakim, M.D., the consultative neurological examiner, completed a Medical Source Statement that the plaintiff could "sit fours [sic] and be on his feet three hours in an eight-hour day (thus, seemingly unable to complete a full eight-hour work day)." [Pl.'s brief at 6, 8]. Dr. Hakim actually said that the plaintiff could sit for four hours total (three hours at one time), stand three hours (two hours at one time), and walk three hours (two hours at one time). [R. 321]. This certainly exceeds an eight-hour workday. Moreover, in his brief, the plaintiff fails to address his noncompliance with treatment. Treating physician Yoyen A. Lau, D.O., on February 2, 2008, noted, "His [blood sugars] are out of control because of his non-compliance. [He says he] cannot afford the [medicine], even though I have given him all the meds he should be taking." [R. 293]. On February 17, 2009, Dr. Yau wrote, "His [blood sugars] are not controlled but pt is very noncompliant. He does not care if [he] runs out of insulin." [R. 297]. Substantial evidence supports the ALJ's credibility finding as well as his finding that the plaintiff has the residual functional capacity to perform sedentary work.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 21 May 2012.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.